## No. 16,268.

### GRIMM *v.* COLORADO STATE BOARD OF HEALTH.
(215 P. [2d] 324)

Decided February 6, 1950.   Rehearing denied February 27, 1950.

Messrs. SHUTERAN, ROBINSON & HARRINGTON, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. JOSEPH E. NEWMAN, Deputy, Mr. FRANK A. WACHOB, Assistant,

Mr. ROBERT BUGDANOWITZ, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

By his complaint filed November 22, 1948, James F. Grimm petitioned the district court for a review of proceedings before the Colorado State Board of Health and for a remedial writ.

Petitioner alleged that he was a citizen of the United States, a resident and taxpayer of Colorado, of lawful age; that he had been licensed as a master plumber for more than three years last past by the state of Texas; had had over three years of experience as a master plumber and that the requirements for master plumbers' license in the state of Texas are at least equal to the requirements of the state of Colorado; that he had on numerous occasions tendered to defendant, Colorado State Board of Health, all license fees required and had requested the board to issue to him a master plumber's license without examination; that the board had arbitrarily and capriciously refused to grant such a license.

As a second cause of action, alleges that on August 30, 1948, he was given a purported examination for a license as master plumber and that on October 20, 1948, his application was denied; that being aggrieved by the decision of the board, he requests a judicial review of the acts and decision of the board, alleging irregularities, in that the purported examination was not conducted in accordance with the provisions of chapter 126, '35 C.S.A., and that the board exceeded the scope of said statute, and requirements set forth in its rules and regulations with respect to plumbing; that the board did not grade the plaintiff on a portion of the examina-

tion, nor allow credit therefor; that the procedure of the board at a purported hearing held in connection with the examination was in violation of section 6, subdivision 5 of chapter 208 of the Session Laws of 1947, in that the board failed to administer orders to witnesses or subpoena witnesses requested by plaintiff, or to properly take the testimony brought before the board, all to his prejudice through an excess of statutory authority and in violation of his constitutional rights; and that the action of the board was arbitrary and capricious.

He prayed that the court grant him a temporary master plumber's license pendente lite; that the board be compelled to show cause why the temporary license so granted should not be made permanent and for such other relief as may be appropriate.

On December 9, 1948, the defendant, Colorado State Board of Health, by and through the Attorney General, filed a motion to dismiss plaintiff's petition or in the alternative, quash the return of service, upon the following general grounds: That under chapter 126, '35 C.S.A., the board is empowered "To examine, as to their fitness and qualifications, all persons applying to the state board of health for licenses to engage in the business, trade or calling of a journeyman plumber or master plumber," and "issue licenses to such persons as have by said examination shown themselves fit, competent and qualified to engage in the business, trade or calling of a journeyman plumber or master plumber, as the case may be." That the petition on its face shows that the petitioner took an examination and failed to pass or qualify for a master plumber's license; that the petition shows that a hearing in review was had before the court and the plaintiff's application denied; that pursuant to rule 106 (a) (4), R.C.P. Colo., the petitioner is entitled to relief in the nature of certiorari and none other; that the court is without jurisdiction to grant

affirmative relief, but must confine itself to a review of the action of the board as to whether it exceeded or abused its discretion; that since the action is against the State of Colorado, no authority exists to permit the plaintiff to sue the State of Colorado in the manner set forth in the petition; and that the court is without jurisdiction to substitute its judgment for the discretion of the defendant board. On February 7, 1949, hearing was had on defendant's motion and on the 14th day of February, 1949, an order was entered on an oral stipulation made in open court that the motion to dismiss be taken as a motion to strike and that the petition is stricken; and further ordered by the court that the plaintiff may have leave to amend petition within twenty days; motion to quash interrogatories sustained. On March 18, 1949, on defendant's motion showing that the plaintiff had failed to file an amended petition within the twenty days allowed, the court ordered dismissal with prejudice at the plaintiff's cost. On April 18, 1949, a nunc pro tunc judgment of dismissal was entered as of February 14, with the following recitals: " * * * (1) That defendant's Motion to Dismiss or in the Alternative quash the Return of Service should be granted; (2) That defendant's Objection to Interrogatories should be granted. Wherefore, upon plaintiff's request that the Motion to Strike, so as to enable him to amend his petition, and it being stipulated in open court by counsel for plaintiff and counsel for the defendant that, for the purpose of this suit, the Motion to Dismiss, etc., should be deemed to be a Motion to Strike, now, therefore, it is ordered by the Court that: 1. The writ heretofore issued in this case be quashed and held for naught; 2. That all matter in plaintiff's first and second causes of action, and each of them, be stricken; (3) That plaintiff have twenty days within which to file his amended petition, * * *."

Points specified by plaintiff for review are in sub-

stance: That the court erred in dismissing the petition for review; that the court erred in striking the first and second causes of action from the petition; that the court erred in quashing the writ to show cause; that the court erred in entering the judgment of dismissal with prejudice; that the court erred in failing to judicially review the action of the State Board of Health; and that the judgment of the trial court is contrary to the law. The Attorney General, for the defendant board, contends that this is a civil action and the procedure is governed by the Colorado Rules of Civil Procedure and that the petition herein is not the appropriate action required by the statute. With this contention, we cannot agree. Apparently plaintiff, the petitioner, attempted to follow the statutory provision of section 11, chapter 208, S.L. 1947, enacted after the rules of civil procedure. This section clearly provides that if the plaintiff felt aggrieved by a decision of the board and was affected thereby, that he is entitled to a judicial review by filing an appropriate action requesting such review in the district court of the county of his residence, or of the City and County of Denver. It also provides that the review shall be conducted by the court without a jury and shall be confined to the record, if a complete record is *presented*, except that in cases of alleged irregularities in the record or in the procedure before the board, testimony may be taken by the court. It further provides that the court may affirm the decision or may reverse or modify it if the substantial rights of the appellant have been prejudiced as a result of findings and decisions of the board.

Such allegations appear in the petition of plaintiff, and it appears that the court is not bound by the customary rules in certiorari proceedings. It further appears that the court, under this statute, may enter what is more or less, its judgment, because provision is made for the court to modify the decision of the

board if it so concludes. Therefore this is a statutory action and not controlled by rule 106 of the Rules of Civil Procedure.

██ Under this statute, petitioner stated a cause of action, and as to whether or not he was entitled to a remedial writ, we do not now determine other than to say that the granting of defendant's motion to dismiss or quash was error. However, in the instant case this error was cured by plaintiff's own request when, as the record shows, he requested that the motion be considered by the court as a motion to strike and that he be given twenty days in which to amend his petition.

██ Plaintiff raises no objection to the wording of the judgment and order entered April 18, 1949, nunc pro tunc as of February 14, 1949, wherein the court used the following language: "Wherefore, upon plaintiff's request that the Motion to Strike, so as to enable him to' amend his petition, and it being stipulated in open court by counsel for plaintiff and counsel for the defendant that, for the purposes of this suit, the Motion to Dismiss, etc., should be deemed to be a Motion to Strike * * *."

██ Under this order, plaintiff had leave to amend his petition within twenty days, which he failed to do and thereafter judgment of dismissal was entered upon his default.

Plaintiff seeks to reverse the judgment by apparently standing on the assigned error of the trial court in striking his two causes of action set out in the complaint. He acquiesced in this action of the court not only by requesting that it be so considered, but in seeking leave to amend, which he failed to do. He cannot now seek relief and gain thereby on account of his own default or inaction. Action on his part was required within the twenty days allowed to amend, failing in this, if for any sufficient reason he could not or did not comply within the time, he, for good cause

shown, could have applied to the court to set aside the default and judgment thereon. This he did not do and cannot now be heard on the points specified by him for reversal.

The judgment of dismissal on the default is affirmed.